James V. Murray, Adm'r.  
vs.  
James L. Kennedy et als. } Eq. No. 10051.

October 9, 1930.

BLODGETT, P. J. Petition for allowance of account of trustee and providing compensation.

The trustee, Thomas P. Murray, under the will of Owen Reilly, is deceased. This petition is brought by the administrator to have the fee of Thomas P. Murray as trustee under said will determined and also the fee of John J. Mee, attorney.

Petitioner seeks to have the fee of the trustee fixed as $400 and the fee of attorney as $300.

As executor of the will Thomas P. Murray was allowed $160 for his services. Services as trustee began July 3, 1917 and continued until his death in 1927. Services consisted in making a sale of real estate and the collection of certain amounts of money. As trustee of the children he debits himself with $2,811.33 as of March 10, 1920.

The present amount of the trust estate as of February 1, 1930, is $4,354.65. An allowance of $400 would be about 11 per cent. of the corpus of the trust fund. The trust fund has increased under his charge and has been carefully and honestly managed. It has extended over some two years and involved the sale of four parcels of real estate.

The Court feels that an allowance of -300 to the trustee would be ample, and $300 to John J. Mee, attorney.

For petitioner: John J. Mee.

For respondents: John De Libero.

Nathaniel W. Smith, Ex'r.  
et al.  
vs.  
Dorothy Coe, et al. } Eq. No. 10246.

October 10, 1930.

HAHN, J. Heard on bill, answer and proof.

Marion E. Coe, who was a trustee under a certain deed of trust, rented a safe deposit box, from the Industrial Safe Deposit Company, in the name of Marion E. Coe, Trustee. She also had a similar box in her own name. She died February 9, 1930, and complainant was appointed executor of her will. He demanded access to the safe deposit box held by Marion E. Coe as trustee. Such access was refused and complainant filed a bill in this Court asking the appointment of a new trustee and also for an order permitting himself and such new trustee access to the safe deposit box. The Safe Deposit Company acquiesced in the decree proposed by complainant at the

hearing and requested an allowance of its costs in the way of counsel fees to the amount of $25. Complainant objects to this allowance, on the ground that the Safe Deposit Company is in the position of a litigant who has denied to his adversary a right, which right that adversary was obliged to establish by a legal proceeding, and claims no counsel fee is properly allowable to a defeated adversary.

The Safe Deposit Company is, however, hardly in the position of a true adverse party. It has no claim upon the contents of the box and receives only a relatively insignificant rent for the responsibility it assumes, or compared to the value of the contents of the average box. As was said in a recent case:

"While a lessee is living, by the terms of the lease with the appellant (safe deposit company) he has access to the box or safe, and upon his death the duty devolves upon the appellant to hold the contents of his box or safe and to deliver them to those persons, only, to whom they belong or to whom the law directs they shall be delivered, and such delivery must be made at the appellant's peril."

*National Safe Deposit Co.* vs. *Stead,* 250 Ill., 584, 595.

This case was affirmed on appeal in the Supreme Court of the United States, where it was said:

"Both in law, and by the express provisions of the contract, the company stood in such relation to the property as to make it liable if, during the life-time of the owner, it negligently permitted unauthorized persons to remove the contents, even though it might be under color of legal process * * *. After his death, it would be likewise liable if it permitted unauthorized persons, be they heirs, legal representatives, or joint renters, to take the property of the decedent."

*National Safe Deposit Co.* vs. *Illinois,* 232 U. S. 58, 69.

A safe deposit company in such cases is not an adverse but a neutral party and under great responsibility and acting only at its peril. In the absence of an express statute vesting the title and possession of the property under the particular circumstances or directing exactly to whom it should be delivered, how is such a company to make certain to whom it should be delivered except by an appropriate judicial proceeding to determine or fix the title? Payment on the advice of counsel alone **would** not protect the company.

In the present case if title passes to the executor, it passes "only to prevent the title from being in abeyance and the Court will appoint a new trustee upon application."

1. Perry, Trusts & Trustees, Sec. 269.

"In the United States the executor of a trustee does not usually succeed to the office. Although the title of trust personalty may pass to him charged with the trust, his only duty is to preserve it intact for a substituted trustee to be appointed by the Court. In this respect his duties have been likened to those of a bailee."

1. Perry, Trusts & Trustees, Sec. 264.

In Rhode Island the Court has said: "In case of death the Court may (the proper parties being before the Court) appoint a successor on petition; the property of course descending to the legal representative of the former trustee, until a new appointment is made, when by virture of the statute it vests in the new trustee."

Ballou, Petitioner, 11 R. I. 359, 363. And by statute it is provided that

"Whenever * * * the trusteee * * * is dead * * * then any person interested under such trusts * * * or the *personal representatives* of the

last surviving or continuing trustee, may apply to the Superior Court in equity, either by original bill or partition, and the Court may thereupon, after due notice to the parties in interest or to such of them as the Court shall adjudge to be necessary parties thereto, appoint some suitable person or persons to be trustee or trustees."

General Laws 1923, Chap. 303, Sec. 1.

Obviously the statute contemplates, and expressly provides for, the appointment of a new trustee rather than a carrying on of the trust by the executor or administrator of the former trustee. It provides that the executor himself may apply to have the new trustee appointed. It seems evident, therefore, that an executor's duty in such cases is to seek the appointment of a new trustee rather than to endeavor to carry on the trust in any way himself and the action of the Safe Deposit Company in awaiting the appointment of such trustee appears in no way unreasonable, or adverse to the best interests of the trust.

Since the litigation has been that contemplated and provided for by statute in the interest of the trust estate, "the expense thereof is a proper charge upon the estate."

Tiffany vs. Emmet, 24 R. I. 411, 420.

The parties are accordingly allowed their costs which may include reasonable counsel fees. (Robinson vs. Robinson, 24 R. I. 222). An allowance of $50 to complainant, whose bill included a prayer for the appointment of a new trustee, and $25 to the respondent Safe Deposit Company seems reasonable, and a decree may be drawn accordingly.

For complainants: Swan, Keeney & Smith.

For respondents: Huddy & Moulton, Huddy, Allen, Tillinghast, Phillips & Wheeler.